IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Gabriel Quinn Enos,<br><br>          Defendant. | No. CR-19-00834-002-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Withdraw From Plea Agreement, (Doc. 143), to which the Government filed a Response, (Doc. 144), but Defendant did not reply. The Court also reviewed the transcript for the change of plea hearing. (Doc. 107.) After considering the hearing transcript, relevant case law, and parties' briefing, the Court will deny Defendant's Motion for reasons explained below.

**I.     BACKGROUND**

Defendant was indicted on July 16, 2019, for first degree murder and use of a firearm during a crime of violence resulting in death, (Doc. 1), in relation to a murder that occurred on August 23, 2017. Defendant was arrested on July 17, 2019 and detained after a hearing. On January 20, 2021, Defendant pled guilty to the lesser included charge of Count One—voluntary manslaughter—in front of this Court.

Pursuant to § 15002(b)(2) of the CARES Act, changes of plea and other criminal hearings were conducted by video conference, and the same was true for Defendant's change of plea. Prior to proceeding with his change of plea, Defense Counsel avowed

that she had spoken with Defendant about appearing by video for the change of plea and that he consented to do so. Nevertheless, the Court questioned Defendant about his consent to appear by video. After advising Defendant that he could wait until a later date to appear in person, Defendant said that he wanted to wait. The Court informed him that it would do so. Counsel then suggested that the Court place Defendant in quarantine for 14 days so that he could appear in person, as opposed to waiting months for the rules to change. The Court gave Defense Counsel an opportunity to discuss this suggestion with her client outside of the presence of the Court, Government's Counsel, or court staff. Upon return, Defendant stated, under oath, "I would like to get it done today." (Doc. 107 at 6.)

After obtaining Defendant's consent to appear by video, the Court discussed Defendant's consent to have his attorney sign the plea agreement on his behalf. Again, under oath, Defendant said that he gave her permission to sign the plea agreement. The Court explained that, by doing so, her signature would have the same force as if he signed the plea agreement himself. Defendant indicated that he understood. Later in the hearing, Defendant testified that he read the entire plea agreement, discussed it with his attorney, and understood it. (*Id.* at 8.) After the hearing, the Court accepted Defendant's plea of guilty and found that it was made knowingly, intelligently, and voluntarily.

## II.     DISCUSSION

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a plea of guilty—after the court accepts the plea, but before it imposes sentence—if the defendant can show a fair and just reason for requesting the withdrawal. "The decision whether to permit the withdrawal of a plea 'is solely within the discretion of the district court.'" *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir.2009) (quoting *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003)). Defendant has the burden of demonstrating a fair and just reason. *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015).

Here, Defendant asks to withdraw from the plea agreement because he was

equivocal about waiving his right to be present at the change of plea hearing, he did not sign the plea agreement, and he did not understand "legal matters and rights he gave up in the way that he should have at the time of the plea." (Doc. 143 at 1.) These allegations are made without any real analysis—simply conclusory statements. The Government argues that these statements "fly in the face of Rule 11 and the colloquy under which this Court proceeded." (Doc. 144 at 8.) The Court agrees with the Government.

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *Yamashiro*, 788 F.3d at 1237 (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir.2008)). While under oath at the hearing, Defendant agreed to appear by video conference and said that he preferred to do so; consented to have his attorney sign the plea agreement, understanding it would have the same impact as if he had signed it; and said that he understood all the trial rights explained during the hearing.

Additionally, Defendant was on supervised release at the time of this of this change of plea. In a previous case, Defendant pleaded guilty, *see* Judgment at 1, *Unites States v. Enos*, No. CR-18-00207-001-PHX-SMB (D. Ariz. Jan. 14, 2019), ECF No. 38, which shows that he has been through a change of plea hearing before and understands—more than others—the rights that he is giving up by entering a plea agreement. There is nothing in his Motion to indicate that he would have chosen to go to trial if he had been given more time. In fact, after his change of plea, Defendant requested new counsel and that request was granted. After new counsel was appointed, Defendant waited a year before requesting to withdraw—only two weeks before sentencing—which does not signal a legitimate reason existed after the change of plea to withdraw. Defendant has not met his burden of demonstrating a fair and just reason for withdrawing his plea.

### III. CONCLUSION

Therefore,

/ /

/

- 3 -

1   **IT IS ORDERED** denying Defendant's Motion to Withdraw From Plea
2   Agreement. (Doc. 143.)
3   Dated this 27th day of April, 2022.

Honorable Susan M. Brnovich
United States District Judge